Scileppi, J. (dissenting in part).
I dissent from that portion of the majority opinion which reverses the conviction of People v. Lang, which I would affirm. I concur in the affirmance of the other cases herein, but would hold that, where a defendant is represented by counsel who is presumed to be competent and who is charged with the responsibility of advising a defendant as to the legal implications involved in the taking of a plea of guilty, the courts are not required to make inquiry of a defendant by catechism or otherwise.
I am also of the opinion that the Legislature should enact a statute which would limit the time for making an application to set aside a plea.
Opinion by Judge Breitel. All concur except Judge Scileppi, who dissents in People v. Lang, and votes to affirm the judgment therein and concurs in the remaining cases in an opinion, and Judges Van Voorhis and Keating who concur in the result in each case in the following memorandum: We concur iii the reversal of the judgment of conviction in People v. Lang for the reason that at the time of sentence Lang made clear that he did not understand what he was doing when he pleaded guilty and indicated that he desired to withdraw his plea. In the other cases we concur for affirmance for the reason stated by Judge Scileppi in his opinion.
In People v. Lang: Judgment reversed and case remitted to the Criminal Court of the City of New York, Bronx County, for further proceedings in accordance with the opinion herein.
In People v. Todzia: Order affirmed.
In People v. Nixon, People v. Fooks, People v. Robinson and People v. Salone: Judgments affirmed.